THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAKE E. COLLINS, an unmarried man, <br><br> Plaintiff, <br><br> v. <br><br> SETERUS, INC., f/k/a IBM LENDER BUSINESS PROCESS SERVICES, INC., <br><br> Defendant. | CASE NO. C17-0943-JCC <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 29) of the Court's order on Defendant's motion to dismiss (Dkt. No. 27). Plaintiff requests reconsideration of the Court's determination that Plaintiff could not bring a claim for *per se* violation of the Washington Consumer Protection Act ("CPA"), Revised Code of Washington section 19.86, premised on a violation of Regulation X of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024. (Dkt. Nos. 27 at 14, 29 at 2.)

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's]

attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Insurance Co.*, No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Plaintiff's motion for reconsideration is "based upon legal authority not previously brought to the Court's attention with reasonable diligence." (Dkt. No. 29 at 2.) Plaintiff relies on *Hunter v. Bank of America, N.A., et al.*, C16-1718-RAJ, Dkt. No. 61 (W.D. Wash. 2019), which was issued eight days prior to the Court's order on Defendant's motion to dismiss. In *Hunter*, the court stated that, "[p]reviously, this Court has found that violations of RESPA could serve as the basis for a CPA violation." *Id.* at 9 (citing *Pierce v. NovStar Mortg., Inc.*, C05-5835-RJB, Dkt. No. 74 at 6 (W.D. Wash. 2006)). *Hunter* relied on the *Pierce* court's statement that "plaintiffs have sufficiently alleged that [defendant] committed a per se violation of the CPA by failing to comply with written disclosure requirements under the [Consumer Loan Act ("CLA")], [the Truth in Lending Act ("TILA")], and RESPA." *Hunter*, C16-1718-RAJ, Dkt. No. 61 at 9 (quoting *Pierce*, C05-5835-RJB, Dkt. No. 74 at 6).

In *Pierce*, the plaintiffs brought a claim for *per se* violation of the CPA premised on defendant's alleged violation of the CLA. *Pierce*, C05-5835-RJB, Dkt. No. 74 at 3. The court noted that the CLA's written disclosure obligations incorporated TILA and RESPA's disclosure requirements, and that a violation of the CLA's written disclosure obligations constituted a violation of the first and second elements of the CPA. *Id.* at 3–5. The court found that if the plaintiffs were able to demonstrate that the defendant had violated RESPA's disclosure requirements, they could establish a violation of the CLA, which in turn could be used to support a claim for *per se* violation of the CPA. *Id.* at 6. Thus, the *Pierce* court held that a violation of the CLA's disclosure requirements represents a *per se* CPA violation, not that a RESPA violation would support such a claim.

Moreover, the question of whether a RESPA violation could support a *per se* CPA

violation claim was not even before the *Hunter* court. In *Hunter*, the plaintiffs' third amended complaint appeared to argue that defendants' alleged violation of RESPA's Regulation X constituted unfair or deceptive acts or practices under the CPA; plaintiffs' explicit claims for *per se* violations of the CPA were premised on violations of the Deed of Trust Act. *Hunter*, C16-1718-RAJ, Dkt. No. 51 at 22–23. The *Hunter* court's citation to *Pierce* appears in its analysis of whether the plaintiffs had sufficiently established the unfair or deceptive act or practice prong of a private CPA claim, not whether the plaintiffs' RESPA arguments could support a claim for *per se* violation of the CPA. *Hunter*, C16-1718-RAJ, Dkt. No. 61 at 9. Thus, contrary to Plaintiff's assertion in his motion for reconsideration, neither *Hunter* nor *Pierce* stand for the proposition that a RESPA violation, standing alone, can support a claim for *per se* violation of the CPA. (*See* Dkt. No. 29 at 2); *see also Hunter*, C16-1718-RAJ, Dkt. No. 61 at 9; *Pierce*, C05-5835-RJB, Dkt. No. 74 at 3–6.

Further, the Court notes that although the relevant order in *Hunter* was issued soon before the Court's order on Defendant's motion to dismiss, (*compare Hunter*, C16-1718-RAJ, Dkt. No. 61, *with* Dkt. No. 27), the relevant order in *Pierce* was issued in 2006. *See Pierce*, C05-5835-RJB, Dkt. No. 74. *Hunter* did not add to the analysis in *Pierce*; rather, it cited *Pierce* for the proposition that courts in this district had previously "found that violations of RESPA could serve as the basis for a CPA claim." *Hunter*, C16-1718-RAJ, Dkt. No. 61 at 9. Plaintiff did not cite *Pierce* in his response to Defendant's motion to dismiss, (*see generally* Dkt. No. 25), and has not explained how *Pierce* constitutes legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. (*See generally* Dkt. No. 29); W.D. Wash. Local Civ. R. 7(h)(1).

Plaintiff's motion for reconsideration also repeats his arguments raised in his response to Defendant's motion to dismiss that a violation of RESPA should constitute a *per se* violation of the CPA. (*Compare* Dkt. No. 29 at 2–3, *with* Dkt. No. 25 at 10.) Plaintiff does not accompany this discussion with an assertion that the Court manifestly erred or that his arguments constitute

new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. (*See* Dkt. No. 29 at 2–3); W.D. Wash. Local Civ. R. 7(h)(1). Elsewhere in his motion for reconsideration, Plaintiff stated that his motion was based on new legal authority, relying on *Hunter*. (Dkt. No. 29 at 2.) Therefore, Plaintiff's renewed arguments as to whether a violation of RESPA may be a basis for a *per se* violation of the CPA do not merit reconsideration of the Court's order.

Therefore, Plaintiff has neither established that the Court manifestly erred nor presented new legal authority meriting reconsideration. Plaintiff's motion for reconsideration (Dkt. No. 29) is DENIED.

DATED this 27th day of March 2019.

<u>William M. McCool</u>
Clerk of Court

<u>s/Tomas Hernandez</u>
Deputy Clerk